**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 10:30 AM August 13, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KENT DOUGLAS LAW, | ) | CASE NO. 12-62509 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Before the court are three unopposed motions to avoid a judgment lien held by Delta Energy, LLC ("Delta") on real estate in which Debtor has an ownership interest. Debtor relies on 11 U.S.C. §§ 522 and 506 for the relief sought. The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed an individual chapter 7 bankruptcy petition on September 11, 2012. His residential street address was listed as 202 South Washington Street, Crestline, Ohio. On Schedule A, he listed ownership interests several pieces of real estate, all encumbered by liens.

1

The first parcel is commonly identified as 2577 / 2589 State Route 61, Crestline, Ohio. The permanent parcel numbers ("PPN") are 23-035447.001 and 23-0305447.101. Debtor owns the real estate as a joint tenant with Amy Law under a quit-claim deed recorded on January 31, 2012.[1] Prior to that transfer, Debtor was the sole owner. An appraisal from Terry Sautter, dated September 30, 2011, values the property at $135,000.00. The property is subject to three liens:[2]

| Priority | Lien holder | Lien Date | Balance |
|---|---|---|---|
| 1st | Citizens Banking Company Mortgage | 2/20/07 | $ 126,949.07[3] |
| 2nd | Delta Energy LLC judgment lien | 11/29/11 | $ 56,825.67[4] |
| 3rd | Ohio Dep't of Job and Family Services judgment lien ("ODJFS")[6] | 07/19/12 | $ 7,710.19[5] |

Debtor claimed an exemption of $994.38 under O.R.C. § 2329.66(A)(18), the wild card exemption, in this real estate.

The address of the second parcel is 624 West Bucyrus Street, Crestline, Ohio. The PPN is 24-0019829.000. Debtor holds a fee simple interest. An appraisal from Terry Sautter, dated September 30, 2011, values the property at $28,500.00. The property is subject to four liens:

| Priority | Lien holder | Lien Date | Balance |
|---|---|---|---|
| 1st | John C. Dick mortgage | 6/10/2011 | $ 12,000 |
| 2nd | Patrick T. Murphy mortgage | 8/22/2011 | $ 13,775[7] |
| 3rd | Delta Energy LLC judgment lien | 11/29/11 | $ 56,826 |
| 4th | Ohio Dep't of Job and Family Services judgment lien | 07/19/12 | $ 7,710 |

Debtor did not claim an exemption in this property.

The address of the last parcel listed on Schedule A is 123 North Wiley Street, Crestline, Ohio. It is also identified by PPN 24-0021659.000. Debtor is a joint tenant, owning a one-half interest with Amy Law. The property appraised at $29,000.00 on September 30, 2011. The property is subject to the following liens:

---

1 Ms. Law is listed as a spouse in the real estate documents but is identified as Debtor's ex-spouse on Schedule I.
2 A statutory lien for real estate taxes is never mentioned in any of the motions to avoid.
3 Per proof of claim number three filed on January 16, 2013.
4 Per proof of claim number eighteen filed on April 22, 2013. An objection by trustee is pending.
5 Per the attachment to the motions to avoid liens.
6 Although it appears that a lien was filed, ODJFS did not file a secured claim.
7 Per proof of claim number eleven filed on February 25, 2013.

| Priority | Lien holder | Lien Date | Balance |
|---|---|---|---|
| 1st | Citizens Banking Company Mortgage | 2/20/07 | $ 126,949 |
| 2nd | Patrick T. Murphy mortgage | 8/22/2011 | $ 13,775 |
| 3rd | Delta Energy LLC judgment lien | 11/29/11 | $ 56,826 |
| 4th | Ohio Dep't of Job and Family Services judgment lien | 07/19/12 | $ 7,710 |

Debtor did not claim an exemption in this real estate.

## DISCUSSION

Debtor seeks to avoid the Delta judgment lien under § 522(f) because it purportedly impairs an exemption. Section 522(f) permits avoidance of a judicial lien, other than one securing a § 523(a)(5) debt, that impairs an exemption to which a debtor was otherwise entitled. Impairment is calculated under § 522(f)(2)(A):

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i)  the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Debtor's first problem is his failure to claim an exemption in either 624 West Bucyrus Street, Crestline, Ohio or 123 North Wiley Street, Crestline, Ohio. Since he has not claimed an exemption in either property, the court finds no basis for avoidance of the Delta judicial lien against these properties. The only property in which Debtor did claim an exemption was 2577 / 2589 State Route 61, Crestline, Ohio.

The property is owned jointly with Amy Law. The documents attached to Debtor's motion to avoid the lien (ECF No. 76) show that Debtor originally owned the property outright. The mortgage to Citizens Banking Company was recorded on February 20, 2007. Delta obtained a judgment lien on November 29, 2011. Thereafter, in January 2012, Debtor executed a quit-claim deed to he and Amy Law. Debtor could only quit-claim the interest he had in the property, not more or less. At the time of the transfer from his fee simple ownership to joint ownership with Amy Law, the property was encumbered by both the mortgage and the Delta judgment lien. The Ohio Department of Job and Family Services' lien, however, is against

3

Debtor alone and therefore attaches only to his interest in the property. The difficult is applying the statutory calculations under these facts. Debtor has offered no assistance to the court.

As other courts recognize, literal applicaton of the 522(f) calculation may result in an unintended windfall to the Debtor when a joint ownership interest is at issue, especially when both ownership interests are encumbered. *See, e.g.,* In re Lavine, 2012 WL 4106749 (Bankr. N.D. Ohio 2012) (citing In re Morrow, 2009 WL 1607582, *6 (Bankr. N.D. Ohio 2009)). The court finds that to be true here. Applying the calculations would result in full avoidance of the Delta judgment lien:

| | |
|---|---:|
| Delta lien | $ 56,826 |
| + Citizens mortgage | 126,949 |
| + ODJFS judgment lien | 7,710 |
| + exemption | 994 |
| | 192,479 |
| - Debtor's interest | 67,500 |
| = impairment | $ 124,979 |

Under this formula, even the mortgage is impaired because Debtor's one-half interest bears the weight of both the mortgage and judgment lien that fully encumber both interests. This is not only unfair, but against the purpose and intent of the statute.

The court finds that there are two more workable options. First, the court could calculate Debtor's interest as one-half of the net value after deducting the mortgage. Since the mortgage is a consensual lien, and thefore not subject to impairment under § 522(f), there is some appeal to this method. Under this view, Debtor's interest would be ($135,000 - $126,949)/2, or $4,026. The calculation would result in the following:

| | |
|---|---:|
| Delta lien | $ 56,826 |
| + ODJFS lien | $ 7,710 |
| + exemption | $ 994 |
| | 65,530 |
| - Debtor's interest | 4,026 |
| = impairment | $ 61,504 |

This, however, results in avoidance of the entire lien, including any portion attached to the co-owners' interest.

Further, the impairment figure has to be viewed in context. It is the total amount by which both judicial liens impair the exemption. If Debtor had moved to avoid the ODJFS lien, which appears possible, it would not be a factor in the calculation pursuant to 11 U.S.C. § 522(f)(2)(B). If the amount of the ODJFS lien is deducted, the impairment is $53,794. That means that $53,794 of the lien is avoidable while the balance, $3,032, is not avoidable. The calculations make sense: Debtor receives the benefit of protecting $994 of his $4,026 interest, leaving $3,032 unprotected

4

and to which the judicial lien attaches. However, once again this figure avoids the entire lien, including the portion attached to the co-owner's interest.

Lavine took a slightly different approach, electing to only factor Debtor's half interest in the liens and the value of the property into the calculations. Under Lavine, the following results:

|  |  |  |
|---|---|---|
| Delta lien | $ | 28,413 |
| + Citizens mortage | $ | 63,475 |
| + ODJFS lien | $ | 7,710 |
| + exemption | $ | 994 |
|  | $ | 100,592 |
| - Debtor's ½ interest | $ | 67,500 |
| = impairment | $ | 33,092 |

Again, impairment has to be taken in context. The ODJFS is subject to avoidance, so the impairment must be viewed to diminish both liens, not merely the Delta lien – especially since the ODJFS is of lower priority. The $33,092 impairment figures impairs $36,123 in liens, leaving $3,031 in equity to which the higher priority lien attaches.

To maintain consistency with other courts within the district, the court will adopt the Lavine methodology. The court finds that the Delta judgment lien against 2577 / 2589 State Route 61, Crestline, Ohio is subject to partial avoidance. $25,382 of the Delta judgment lien is avoidable under 11 U.S.C. § 522(f). The Delta lien against the two other properties, 123 North Wiley Street and 624 West Bucyrus Street, is not subject to avoidance because Debtor did not claim any exemptions in these properties.

An order will be entered immediately.

#  #  #

**Service List:**

Russell James Long
Kennedy Purdy Hoeffel & Gernert LLC
111 West Rensselaer Street
P.O. Box 191
Bucyrus, OH 44820

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Joshua Rockwell
8000 Ravine's Edge Court
Suite 300
Columbus, OH   43235

Delta Energy LLC
2674 Federated Blvd.
Columbus, OH   43235

6